IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIEL BRENDAN BRANDT,                 :        Civil No. 3:26-cv-271
                                     :
            Petitioner               :        (Judge Mariani)
                                     :
      v.                             :
                                     :
WARDEN JESSICA SAGE,                 :
                                     :
            Respondent               :

## MEMORANDUM

Petitioner Kiel Brendan Brandt ("Brandt"), a federal inmate confined at the Federal

Correctional Institution, Lewisburg, Satellite Camp, initiated the above-captioned action by

filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Brandt

alleges that officials at the Lewisburg Satellite Camp are not properly affording him enough

prerelease placement time under the Second Chance Act. (*Id.*). Brandt also challenges the

procedure by which officials at the Lewisburg Satellite Camp complete the five-factor review

of the Second Chance Act. (*Id.*).

For the reasons that follow, the Court will dismiss the habeas petition without

prejudice because Brandt has not properly exhausted his claims.

I.    **Background**

      A.    Brandt's Criminal History

Brandt is serving a 27-month term of imprisonment imposed by the United States

District Court for the Eastern District of Virginia for his conviction of wire fraud. (Doc. 8-2,

Declaration of BOP Case Manager Joshua Moyer ("Moyer Decl."), at 2 ¶ 3; Doc. 8-3, Public Information Inmate Data).  According to BOP documentation submitted by Respondent, Brandt's projected release date, via First Step Act release, is March 3, 2027.  (Doc. 8-2, Moyer Decl., at 1 ¶ 3; Doc. 8-3).  However, a review of the BOP's inmate locator indicates that Brandt's projected release date is now February 16, 2027.[1]

### B.     Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Brandt filed the following two administrative remedies.  (Doc. 8-2, Moyer Decl. at 2 ¶ 5; Doc. 8-4, Administrative Remedy Generalized Retrieval).

On August 28, 2025, Brandt filed administrative remedy 1252532-F1 with the institution, requesting a review of his residential reentry center ("RRC") placement time. (Doc. 8-4, at 2).  The institution denied the remedy on September 23, 2025.  (*Id.*).  Brandt appealed to the Regional Director, and, on December 8, 2025, the Regional Director denied his appeal.  (*Id.*).  Brandt did not appeal to the Central Office.  (*See* Doc. 8-4).

### C.     Facts Related to the Second Chance Act

Brandt's Unit Team conducted an Individualized Needs Plan-Program Review.  (Doc. 8-2, Moyer Decl. at 2 ¶¶ 6-7; Doc. 8-5, Institutional Referral for Community Corrections Center ("CCC") Placement).  The Unit Team reviewed Brandt for prerelease placement

---

[1]     *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 52132-511) (last visited March 16, 2026).

under the five factors of the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 and 3624.[2] (*Id.*).  The Unit Team considered and evaluated the five factors as follows: (1) there are available RRCs in Brandt's release area; (2) there are no extenuating circumstances that would preclude placement; (3) Brandt has an established residence and community ties; (4) the sentencing court's Judgment and Commitment Order does not contain any statements regarding RRC placement; and (5) there are no pertinent policies from the United States Sentencing Commission.  (Doc. 8-5, at 2; *see also* 18 U.S.C. 3621(b)).  As a result of the review, the Unit Team recommended a placement date of August 30, 2026. (Doc. 8-5, at 2).

### D.    Claims Raised in the Habeas Petition

In his Section 2241 petition, Brandt alleges that the BOP failed to award him enough prerelease placement time under the Second Chance Act.  (Doc. 1).  He also challenges the procedure by which officials at the Lewisburg Satellite Camp complete the five-factor review of the Second Chance Act.  (*Id.*).  Respondent contends that the Section 2241 petition must be dismissed because Brandt failed to exhaust his administrative remedies.  (Doc. 8).

---

[2]    The Second Chance Act states in pertinent part as follows:

The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

*See* 18 U.S.C. § 3624(c).

Alternatively, Respondent argues that the petition must be denied because the Court lacks jurisdiction to hear Brand's claims, Brandt has no right to prerelease placement, no right to credits under the Second Chance Act, and Brandt has been properly reviewed under the five factors of the Second Chance Act. (*Id.*). Because the uncontroverted record confirms that Brandt has not exhausted his administrative remedies, the Court does not reach Respondent's alternative arguments.

## II.    **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is

4

unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his

administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, although Brandt filed an administrative remedy concerning RRC placement—number 1252532—he undisputably failed to properly exhaust that remedy. (Doc. 8-4, at 2). Brandt filed administrative remedy 1252532-F1 at the institution level. (*Id.*). Upon review, the institution denied the remedy. (*Id.*). Brandt appealed to the Regional Director, and, on December 8, 2025, the Regional Director denied his appeal. (*Id.*; Doc. 11-4). The record confirms that Brandt did not appeal to the Central Office—the necessary step to fully exhaust his administrative remedy. (*Id.*). Rather than comply with the Administrative Remedy process, Brandt bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Brandt mistakenly claims that he fully exhausted his administrative remedies. (Doc. 1, at 5). Without providing any evidentiary support for his claim, Brandt simply states that "[t]o the best of [his] knowledge, the BP-11 was delivered to the Bureau of Prisons' Central Office." (Doc. 11-3). He has not presented any evidence that he appealed administrative remedy 1252532 to the Central Office. As stated, if the Regional Director denies a grievance appeal and the inmate remains dissatisfied, the inmate must lodge a final appeal to the BOP's Central Office within 20 days of the denial. 28 C.F.R. § 542.15(a). Only if the grievance is denied by the Central Office has exhaustion been completed and the inmate may then file a civil action. 28 C.F.R. §§ 542.10, 542.15. Brandt's argument that he fully

6

exhausted administrative remedy 1252532 based on his belief that the Central Office should have received his BP-11 is unavailing. Pursuant to 28 C.F.R. § 542.18, "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." The "statutory or regulatory scheme[ ]" applicable to BOP administrative appeals "clearly require[s] actual receipt by a specific date." *Longenette v. Krusing*, 322 F.3d 758, 764 (3d Cir. 2003). Brandt failed to submit any competent evidence that the Central Office actually received his final appeal or that he received a final decision from the Central Office.

Brandt has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. (*See* Docs. 1, 11). Additionally, the fact that Brandt's sentence currently falls within the 12-month period that the BOP could place him in pretrial release is not a basis to excuse exhaustion.[3]

The Court finds that Brandt's claim must first be presented to BOP officials and fully exhausted. Because Brandt failed to fully and properly exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed. *See, e.g., Vasquez*, 684 F.3d at

---

[3]    The Court notes that the Second Chance Act does not entitle a federal inmate to any guaranteed placement in prerelease custody. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244-51 (3d Cir. 2005) (holding, in exercising its discretion to make halfway house placement decisions, the BOP must consider the factors set forth in § 3621(b); "[h]owever, that the BOP may assign a prisoner to a CCC does not mean that it must").

434 (district court properly dismissed federal prisoner's Section 2241 petition because he failed to exhaust his administrative remedies)

## III.    **Conclusion**

For the foregoing reasons, the Court will dismiss without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March _____, 2026

8